# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 25, 2016

## STATE OF TENNESSEE v. JERRY BRANDON PHIFER

**Appeal from the Criminal Court for Davidson County**
**No. 2011-B-1782    Cheryl A. Blackburn, Judge**

_____

**No. M2016-00227-CCA-R3-CD – Filed October 28, 2016**

_____

On June 17, 2011, a Davidson County grand jury indicted the defendant, Jerry Brandon Phifer, for twelve crimes against five different victims. The defendant pled guilty to one count of aggravated burglary (Count 11) and one count of theft of property greater than $1000 (Count 12) as charged in the original twelve-count indictment. The trial court sentenced the defendant to thirteen years for aggravated robbery and twelve years for theft of property to be served consecutively. On appeal, the defendant argues the trial court improperly enhanced his sentence for aggravated robbery from the minimum of ten years to thirteen years. The defendant also argues the trial court improperly ordered his sentences for Counts 11 and 12 to run consecutively. After our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

David M. Hopkins, Murfreesboro, Tennessee, for the appellant, Jerry Brandon Phifer.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Glenn Funk, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

This case stems from a string of property crimes committed by the defendant throughout Davidson County in 2011. Police ended the defendant's crime spree by connecting him to a burglary through the use of a global positioning system tracking device on the defendant's get-away car. A grand jury indicted the defendant for aggravated robbery (Count 1), aggravated burglary (Counts 2, 5, 7, 9, 11), unlawful possession of a weapon (Count 3), and theft of property valued over $1000 (Counts 4, 6, 8, 10, 12). The trial court severed the twelve-count indictment, and the State pursued the defendant's charges as they related to each victim. Relevant to this appeal are Counts 11 and 12 from the original indictment to which the defendant pled guilty on January 13, 2014.

First, however, the defendant went to trial on Counts 1-4 of the original indictment.[1] The defendant was convicted at trial, and he appealed. Before this Court issued an opinion on the defendant's appeal stemming from convictions on Counts 1-4 of the original indictment, the defendant pled guilty to Counts 11 and 12. Months after the defendant entered the guilty pleas, this Court reversed the defendant's conviction in Counts 1-4a and remanded his initial case for a new trial. As a result, the defendant sought post-conviction relief alleging ineffective assistance of counsel as to the guilty pleas entered for Counts 11 and 12. The post-conviction court summarized the procedural history of the defendant's case as follows:

> A trial for Counts 1-4 was set for February 4, 2013. The State amended indictment for trial, charging [the defendant] with one count of aggravated robbery and one count of burglary. The jury returned its verdict finding [the defendant] guilty of Counts 1 and 2 as charged in the amended indictment. After a hearing held on April 10, 2013, the [trial court] sentenced [the defendant] to 30 years for the aggravated robbery conviction to be served at 85% and to 15 years for the theft conviction to be served with 45% release eligibility.

> Subsequent to the trial, [the defendant] was declared indigent, and [defense counsel] was appointed as counsel for the appeal of the February 2013 trial. While said appeal was pending, the [trial court] appointed

---

[1] The State amended Counts 1-4 of the original indictment and proceeded to trial under one count of aggravated robbery and one count of burglary.

[separate defense counsel] to represent [the defendant] on the balance of the charges (Counts 3-12) . . .

The trial on the remaining counts, which were renumbered for purposes of trial, was set for January 13, 2014. On the morning of trial, [the defendant] entered a guilty plea to Counts 11 (aggravated burglary) and 12 (theft of property) of the original indictment. Pursuant to the plea agreement, [the defendant] entered an open plea with a sentencing hearing to determine length, range, and manner of sentence. On [March 5, 2014], the [trial court] sentenced [the defendant] to 13 years with 45% release eligibility for Count 11, to be served consecutive to the sentence imposed on Count 12. For Count 12, the [trial court] imposed a sentence of 12 years to be served with 60% release eligibility to be served concurrent with the sentences imposed for Counts 1 and 2. The remaining counts were held in abeyance until the appeal on [the defendant's] first trial issued.

On September 23, 2014, the Tennessee Court of Criminal Appeals issued its opinion on [the defendant's] aggravated robbery and aggravated burglary convictions. *State v. Jerry Brandon Phifer*, No. M2013-01401-CCA-R3-CD, 2014 WL 4698499 (Tenn. Crim. App. Sept. 23, 2014). The Court concluded that "the warrantless use of the GPS tracking device constituted an illegal search, and the evidence obtained therefrom, including the defendant's arrest and statements to police, must be suppressed." *Id.* at *1. The Court of Criminal Appeals, therefore, reversed the trial court's denial of the suppression motions and remanded the case for new trial.

Prior to the mandate issuing, [the defendant] filed his *pro se* petition for post-conviction relief on November 21, 2014, as to Counts 11 and 12 only. Said petition was filed prematurely since the appeal process had not concluded; however, since the parties indicated interest in a status hearing upon the issuance of the appeal, the [trial court] did not issue a written order denying the petition as unripe. Once the mandate issued on December 5, 2014, the [trial court] set the case for a status hearing to determine how the parties intended to proceed with the matter.

At the December 18, 2014 status hearing, the State made a motion to dismiss Counts 1 and 2, with an order to be submitted, and a status hearing was docketed for February 12, 2015. The State and defense counsel . . . submitted an agreed order on December 19, 2014, dismissing Counts 1 and

2, but the order included language that the "voluntary plea" for Counts 11 and 12 remained in effect.

At the February 12, 2015 status hearing, the State agreed to dismiss the remaining counts (Counts 3-10), but maintained the plea agreement for Counts 11 and 12 remained in effect.

The defendant's post-conviction pursuits were denied by the trial court. The court found "that the [defendant's] guilty plea was made with an awareness of the consequences even with evidentiary issues still pending appeal, and, as such, the guilty plea was voluntarily, intelligently, and knowingly entered." The court, however, granted a delayed appeal allowing the defendant to address the sentences imposed for Counts 11 and 12, which provides the basis for this timely appeal.

## ANALYSIS

On appeal, the defendant argues the trial court improperly enhanced his sentence for aggravated burglary from the minimum ten-year sentence to a thirteen-year sentence after failing to properly consider his potential for rehabilitation. The State argues the thirteen-year sentence is within range and complies with the purposes and principles of sentencing. After our review, we conclude the defendant failed to establish that the thirteen-year, within-range sentence is improper. Accordingly, we affirm the sentence.

It is well-settled that this Court reviews within-range sentences imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). The party appealing a sentence bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40–35–401, Sentencing Comm'n Cmts. A defendant is not entitled to the minimum sentence within the applicable sentencing range. *See State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). Rather, once the trial court determines the sentencing range, it "is free to select any sentence within the applicable range." Tenn. Code Ann. § 40–35–210 (a), (d); *Carter*, 254 S.W.3d at 343.

The trial court must state on the record the statutory factors it considered and the reasons for the ordered sentence. Tenn. Code Ann. § 40–35–210 (e); *Bise,* 380 S.W.3d at 705-06. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]." *Bise,* 380 S.W.3d at 705-06. Thus, a sentence imposed by a trial court "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is

otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W. 3d at 709-10.

Here, the defendant argues the trial court improperly enhanced his sentence for aggravated burglary from the minimum ten-year sentence to a thirteen-year sentence. Specifically, he claims the trial court failed to properly consider that "he was remorseful and therefore has a potential for rehabilitation." The defendant cites his post-arrest statements, his decision to plead guilty, and "his credibility and candor" in support of his request for the minimum, ten-year sentence for aggravated burglary. After our review of the record, we do not find the defendant's arguments persuasive.

At the sentencing hearing, the trial court determined the statutory range for aggravated burglary, a Class C felony, to be ten to fifteen to years for the defendant, a Range III, persistent offender. Tenn. Code Ann. § 39–14–403(b). Upon setting the range, the trial court considered the presentence report, the principles of sentencing, the nature and characteristics of the charged offenses, statistical information, and the defendant's statement to police. *See* Tenn. Code Ann. § 40–35–210(e); *Bise,* 380 S.W.3d at 705-06. The court then specifically addressed on the record the applicable enhancement and mitigating factors related to the defendant.

The court found three enhancement factors applied to the defendant's sentence for aggravated burglary pursuant to the sentencing statutes. Accordingly, the court considered the defendant's criminal history, the defendant's failure to comply with conditions of a sentence involving release into the community, and the defendant's probation status at the time of the present offenses. Tenn. Code Ann. § 40-35-114 (1), (8), (13). Turning to the applicable mitigating factors, the court acknowledged the defendant's conduct in Counts 11 and 12 neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113 (1). Additionally, the court considered the defendant's guilty plea and his "lengthy statement" that allowed police "to close out a lot of cases."[2] Tenn. Code Ann. § 40-35-113 (13). The record reflects the court then weighed the relevant enhancement factors against the applicable mitigating factors before imposing the thirteen-year, within-range sentence.

As articulated by the trial court when ordering the sentence, the court reviewed the presentence report, considered the requisite enhancement and mitigating factors, weighed the defendant's prior criminal history, and compared the defendant's post-arrest efforts to

---

[2]After his arrest, "[t]he defendant confessed to a total of forty-three burglaries: twenty-six where property was not recovered and seventeen where property was recovered." *Jerry Brandon Phifer*, No. M2013-01401-CCA-R3CD, 2014 WL 4698499, at *10.

the offense charged. Based upon these statutory considerations, the trial court imposed a thirteen-year sentence for the defendant's aggravated burglary conviction. The record reflects the trial court properly considered the relevant purposes and principles of Tennessee's sentencing statutes and imposed a sentence within the applicable range for the defendant's Class C felony offense of aggravated burglary.

Next on appeal, the defendant asserts the trial court erred by ordering the thirteen-year sentence for aggravated burglary and the twelve-year sentence for theft of property be served consecutively. The defendant asserts the effective twenty-five-year sentence is "far greater than that deserved" for the crimes committed. We, again, disagree.

It is well-settled the trial court "may order sentences to run consecutively if it finds by a preponderance of the evidence that one or more of the statutory criteria exists." *State v. Black*, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Here, the court found two statutory criteria existed in the record to warrant consecutive sentencing. Specifically, the court found "[t]he defendant is an offender whose record of criminal activity is extensive" and "[t]he defendant is sentenced for an offense committed while on probation." Tenn. Code Ann. § 40-35-115 (2), (6). Both criteria are explicit in the record and support the trial court's consecutive sentencing as to the defendant's aggravated burglary and theft of property convictions. The trial court did not abuse its discretion in imposing consecutive sentences for the convicted offenses and the defendant is not entitled to relief as to this issue. *See State v. Pollard*, 432 S.W.3d 851, 860 (Tenn. 2013).

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
J. ROSS DYER, JUDGE